

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. Lyne Miller
County Attorney, Bee County
Beeville, Texas

Dear Sir:

Opinion No. O-5639
Re: Issuance of capias pro
fine and forfeiture of
bond, under the facts
stated, and validity of
bond executed under Arti-
cle 698, Vernon's Annota-
ted Code of Criminal Pro-
cedure.

Your letter of September 23, 1943, requesting the
opinion of this department on the question stated therein,
reads, in part, as follows:

"Should a capias pro fine issue for the
amount of the fine and costs, under Articles
788-789 Code of Criminal Procedure, when defen-
dant (convicted of first offense of drunken
driving, in County Court,) who has given bond
under Article 698 Code of Criminal Procedure,
has failed to pay his fine and costs, and is at
large, or should the remedy of the County Court
be forfeiture of the bond? Articles 788-89 do
not by words limit the capias pro fine to cases
where a bond is not given; and Article 698 reads,
in part, 'for the enforcement of any judgment en-
tered all writs, processes and remedies of the
Code of Criminal Procedure are applicable so far
as necessary to carry out the provisions of this
article.'

"Further, if either method is open, and it
is purely a matter of choice, who should make the
decision, of which method to use, the County Judge,
the County Attorney or the County Clerk?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. Lyne Miller, page 2

"It is my contention as County Attorney,
that the defendant is, after all, primarily
liable for the fine and costs, and that the
surety is, after all, only secondarily liable."

Article 698, Vernon's Annotated Code of Criminal
Procedure, provides:

"On each verdict of acquittal or convic-
tion, the proper judgment shall be entered immedia-
tely. If acquitted the defendant shall be at once
discharged from all further liability upon the charge
for which he was tried; provided that, in misdemeanor
cases where there is returned a verdict, or a plea
of guilty is entered and the punishment assessed is
by fine only, the Court may, on written request of
the defendant and for good cause shown, defer judg-
ment until some other day fixed by order of the Court;
but in no event shall the judgment be deferred for a
longer period of time than six (6) months. On expira-
tion of the time fixed by the order of the Court, the
Court or Judge thereof, shall enter judgment on the
verdict or plea and the same shall be executed as
provided by Chapter 4, Title 9, of the Code of Criminal
Procedure of the State of Texas. Provided further, that
the Court of Judge thereof, in the exercise of sound
discretion may permit the defendant where judgment is
deferred, to remain at large on his own recognizance,
or may require him to enter into bond in a sum at
least double the amount of the assessed fine and costs,
conditioned that the defendant and sureties, jointly
and severally, will pay such fine and costs unless the
defendant personally appears on the day, set in the or-
der and discharges the judgment in the manner provided
by Chapter 4, Title 9 of the Code of Criminal Procedure;
of the State of Texas; and for the enforcement of any
judgment entered, all writs, processes and remedies of
the Code of Criminal Procedure are made applicable so
far as necessary to carry out the provisions of this
Article."

Prior to the amendment of Article 698, supra, in 1931, said article required that the proper judgment "be entered immediately." Heretofore, in Opinion No. 0-3482 this department rendered an opinion relating to the forfeiture of bonds issued and executed under Article 698 and various other questions. We are enclosing a copy of this opinion for your convenience.

In view of the facts stated in your inquiry and in virtue of Article 698, supra, Chapter 4, Title 9 of the Code of Criminal Procedure of the State of Texas and our Opinion 0-3482, it is our opinion that the bond should be forfeited and that a capias pro fine should issue also and, in the event the capias pro fine is executed and satisfied by the defendant paying the fine and costs, or remaining in jail a sufficient length of time to satisfy the same, or if the defendant satisfies the judgment by working in the work house, county farm or public improvements of the county as authorized by the statutes, the Court could set aside its order forfeiting the bond.

You attach a copy of the bond to your inquiry and ask if the bond is valid. The Court of Criminal Appeals, insofar as we have been able to determine, has not rendered any opinion regarding the validity or invalidity of bonds issued and executed under Article 698, supra. We have carefully considered the bond presented and note that it complies with the statute in some respects. Therefore, we are not in a position to say that the bond is invalid.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED OCT 14, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:EP
Enc.





APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN